IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**HARRY BRUMFIELD**   **PLAINTIFF**

v.   CAUSE NO. 1:22CV141-LG-BWR

**ELIE BIRIHO and**
**INFOCOM USA, LLC**   **DEFENDANTS**

### ORDER GRANTING DEFENDANTS' MOTION
### FOR PARTIAL JUDGMENT ON THE PLEADINGS

**BEFORE THE COURT** is the [27] Motion for Partial Judgment on the Pleadings filed by Defendants Elie Biriho and Infocom USA, LLC, in this lawsuit that arose out of a motor vehicle accident. Defendants seek dismissal of Plaintiff Harry Brumfield's direct liability claims against Infocom because Infocom has admitted that Biriho was acting within the course and scope of his employment at the time of the accident. Brumfield has not filed a response in opposition to the Motion. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Brumfield's direct liability claims against Infocom should be dismissed.

### BACKGROUND

In this lawsuit, Brumfield claims that he was injured in a motor vehicle accident caused by Biriho in Gulfport, Mississippi, on April 14, 2021. At the time of the accident, Brumfield was driving a pickup truck, and Biriho was driving a tractor-trailer on behalf of his employer Infocom. Brumfield has attempted to assert negligence claims against both Biriho and Infocom, including claims of

negligent entrustment, negligent hiring, negligent training, negligent supervision, and negligent retention against Infocom. Infocom admitted in its Answer that Biriho was acting within the course and scope of his employment with Infocom at the time of the accident. Defendants filed the present Motion seeking judgment on the pleadings as to Brumfield's claims alleging direct liability on the part of Infocom.

## DISCUSSION

"After the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).

> The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss. The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. The plaintiff must plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007) (internal citations and quotation marks omitted).

The Mississippi Court of Appeals has held that direct liability claims of negligent hiring, training, and retention are properly dismissed where the defendant employer admits vicarious liability for negligent acts caused by its employee. *Carothers v. City of Water Valley*, 242 So. 3d 138, 144 (Miss. Ct. App. 2017). In *Carothers*, the court adopted this Court's reasoning in *Davis v. Rocor International*, No. 3:00cv863-BN, 2001 U.S. Dist. LEXIS 26216 (S.D. Miss. Dec. 19, 2001), for dismissing claims of negligent hiring, training, entrustment, and

retention as a matter of law.  In *Davis*, this Court held that the need for a plaintiff to show negligent entrustment, hiring, and other similar claims "is obviated by the fact that the employer has admitted liability for any acts taken by that driver." *Davis*, 2001 U.S. Dist. LEXIS 26216, at *20.

Infocom's admission that it is vicariously liable for any negligence committed by Biriho at the time of the accident necessitates dismissal of Brumfield's direct liability claims against Infocom for negligent entrustment, negligent hiring, negligent training, negligent supervision, and negligent retention.  As a result, Defendants' Motion for Partial Judgment on the Pleadings is granted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [27] Motion for Partial Judgment on the Pleadings filed by Defendants Elie Biriho and Infocom USA, LLC, is **GRANTED**.  Plaintiff's claims of negligent entrustment, negligent hiring, negligent training, negligent supervision, and negligent retention against Infocom are hereby **DISMISSED** pursuant to Fed. R. Civ. P. 12(c).

**SO ORDERED AND ADJUDGED** this the 21st day of November, 2022.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE